427 A.2d 195

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Dennis CUFF.**

Superior Court of Pennsylvania.

Argued April 11, 1979.

Filed March 6, 1981.

Donald N. Turner, Pittsburgh, for Commonwealth, appellant.

William T. Woncheck, Pittsburgh, for appellee.

Before PRICE, HESTER and MONTGOMERY, JJ.

PER CURIAM:

This appeal arises from a support action for a child born to appellant out of wedlock on September 10, 1965. Appellee was named as the putative father. At the time the child was born appellant lived in Allegheny County and appellee in Washington County. Although the attorneys for these parties discussed some proceedings between these parties prior to December 15, 1966, there is nothing in the record before us to indicate the nature or extent of those proceedings.

On December 15, 1966, a complaint for support was received in Allegheny County from the Family Court, Queens County, New York where appellant then lived. This complaint was docketed in Allegheny County at No. 3184 of 1966, where the docket entries show the following:

"1. December 15, 1966: Petition and certificate received from Family Court, Queens County, New York and filed.

2. August 18, 1977: Certificate and complaint sent to Washington County, Pennsylvania.

3. December 21, 1977: Order of Court dated December 19, 1977, Brosky, J.

This is the full and complete content of the record in Allegheny County. However, at a hearing held on December 19, 1977, in Washington County there was testimony taken that established that Judge Guffey of Allegheny County conducted a hearing on January 23, 1967. There is

no transcript of such a hearing, nor is there an entry indicating such a hearing or any disposition of the case by Judge Guffey. There was testimony, from a case worker's file, of some additional correspondence between representatives of Allegheny County and the New York court. From this vague and confusing testimony the Court of Common Pleas of Washington County concluded that sometime in 1967, or at least as a result of proceedings in Allegheny County, Judge Guffey made a finding adverse to appellant on the issue of paternity. Accordingly, on the basis of res judicata, the appellant's action was dismissed. It is from that dismissal, entered February 21, 1978, that this appeal has been taken.

We disagree and reverse the order of February 21, 1978, and remand the case for further proceedings. Since April of 1979 we have, through our own Prothonotary's Office, searched for additional records at No. 3184 of 1966 in Allegheny County and have found none. Based on the record before us we cannot conclude that there was ever an adjudication by Judge Guffey or any other judicial officer of Allegheny County on the appellant's complaint.

We further note that the record discloses an affidavit, dated January 13, 1966, purportedly signed by appellee which recites:

### A F F I D A V I T

COMMONWEALTH OF PENNSYLVANIA ) SS
COUNTY OF ALLEGHENY )

I, _Dennis Cuff_ , residing at _535 Protectory Pl_ , do hereby acknowledge paternity of (child's name) _Denene Stevens_ Born (date of birth) _8- -65_ , (daughter or son) _daughter_ , or the unborn child (check here if applicable) _____ of (client's name) _Patricia Stevens_ (client's address) _2039 Fifth Ave., Pgh 19, Pa._ . I agree to assume complete responsibility for the support and maintenance of my (daughter or son) _daughter_ as soon as I become employed. I have read this Affidavit, and have signed it voluntarily, without any threats, duress, coercion or promises of any kind, and I intend to be legally bound hereby.

Sworn to and Subscribed Before me
This _13th_ Day of _January_ 1966.
_Dennis Cuff_ (SEAL) _____ (SEAL)
WITNESS:
_Barbara McClure -_

AC Form 57 (12–64)

The record is confusing as to the origin of this Affidavit, but if it is authentic it would seem to be a contra indication to any alleged adjudication of non-paternity of appellee.

The order of February 21, 1978, is reversed and the matter remanded for further proceedings. The aggrieved party may file a new appeal from the final disposition.